14075. SMALL *et al. v.* ROBERTSON.

STEPHENS, J. 1. A contract of sale which provides that the seller agrees to sell to the buyer the entire crop of peaches, irrespective of the amount or size of the crop, to be grown in a certain year upon all trees on certain premises belonging to the seller, at a stipulated price " per bushel basket," to be delivered to the buyer at a designated place, and that the peaches are to be in a " sound condition from rot," obligates the buyer to accept and pay, at the contract price, for all peaches delivered in accordance with the terms of the contract in bushel baskets filled with peaches all of which are in a " sound condition from rot," but does not obligate the buyer to accept any such baskets which contain peaches not in a " sound condition from rot." The buyer, however, has no right, before a tender to him in bushel baskets as provided in the contract, to refuse to accept the peaches upon the ground that some of the peaches in the orchard are defective and not sound from rot.

2. The seller having brought suit against the buyer to recover for alleged breaches of the contract by the buyer in failing to pay for peaches alleged to have been delivered and accepted under the terms of the contract, and for a refusal by the buyer to accept other peaches alleged to have been sold to him and which it was alleged he was bound to accept under the terms of the contract, and the buyer having defended upon the ground that the peaches delivered were defective and not sound from rot, and also that the remaining peaches in the orchard were defective and were not sound from rot, and not having defended upon the ground that the defendants were not bound to accept bushel baskets which contained some peaches not sound from rot, the contention of the defendants, that their right to refuse to accept bushel baskets which contained any defective peaches not sound from rot was not submitted to the jury, is not relevant to the issues and is without merit. Moreover, the excerpts from the charge of the court, excepted to by the defendants, are not subject to the exception that the jury were thereby instructed that the defendants were bound to accept bushel baskets containing defective peaches and pay only for the good peaches therein contained, or that they were confusing, prejudicial, and harmful to the defendants.

3. The court properly instructed the jury that the defendants would not have to accept or pay for peaches that were not in a sound condition from rot.

4. It is assigned as error that the court instructed the jury that " if any of these peaches were not in sound condition free from rot, the peaches so found to be not up to the warranty were peaches that [the defendants] need not have received and were under no duty to pay for." By way of illustration of this instruction the court further stated that if a certain number of baskets of peaches had been delivered to the defendants, and if a certain percentage thereof was not in a sound condition from rot, then the defendants were under a duty to receive and pay for the sound peaches, and were under no duty to receive and pay for the balance of the peaches, which were not in a sound condition from rot. The instruction complained of was manifestly and clearly applicable only to that count of the petition which sought to recover payment for peaches which had been actually delivered to and accepted by the defendants, and was not applicable to the counts in the petition which sought to recover damages arising from the refusal of the defendants to accept the peaches which had not already been delivered.

5. The only alleged errors insisted upon being those complained of in the amendment to the motion for a new trial, which excepts to certain excerpts from the charge of the court and to the failure to charge as requested, and it not appearing that any error was committed as alleged therein, the judgment overruling the motion for a new trial will be affirmed.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 15, 1923.

Action for breach of contract; from Bibb superior court — Judge Malcolm D. Jones. October 7, 1922. (28 *Ga. App.* 162.)

*O. C. Hancock,* for plaintiffs in error.

*Jordan & Moore,* contra.